**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **DARRYL C. CARTER,** |
| **Plaintiff,** |
| **v.** |
| **U.S. DEPARTMENT OF JUSTICE,** |
| **Defendant.** |

**Civil Action No. 26-920 (JEB)**

**ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment.   Before the Court rules on the Motion, Plaintiff Darryl Carter will have an opportunity to respond.   The Court hereby advises the *pro se* Plaintiff Carter of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court.

In Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."   Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).   The court specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant.   Id.   Rule 56(e) of the Federal Rules of Civil Procedure provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.

1

Fed. R. Civ. P. 56(e).   Rule 56(c) provides:

> (1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

> (2) Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

> (3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.

> (4) Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).   Thus, a party, such as Plaintiff Carter, who is adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or documentary evidence; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.   For these purposes, a verified complaint may serve as an affidavit.   See Neal, 963 F.2d at 457-58.

In addition, Plaintiff Carter's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.   If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).   Thus, failure to respond to Defendant's Motion in this case carries with it the risk that judgment will be entered for Defendant.

Accordingly, it is hereby

**ORDERED** that Plaintiff Carter shall file his opposition or other response to Defendant's Motion for Summary Judgment no later than April 15, 2026.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:   March 25, 2026